UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARCIA MILIANO,

                                             Plaintiff,

                -against-

BEST CARE INC.,

                                             Defendant.
----------------------------------------------------------------X

**FILED**
**CLERK**
For Online Publication Only
2:42 pm, Sep 26, 2024

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
24-CV-6641 (JMA)(SIL)

**AZRACK, United States District Judge:**

Before the Court is an application to proceed in forma pauperis ("IFP") filed by Plaintiff

Marcia Miliano, acting pro se, together with her complaint against her former employer, Best Care,

Inc.  (ECF Nos. 1-2.)   For the below reasons, the application to proceed IFP is denied without

prejudice and with leave to renew upon filing, within fourteen (14) days, the AO 239 Long Form

IFP application ("Long Form") attached to this Order.  Alternatively, Plaintiff may remit the

$405.00 filing fee.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient

which states that one cannot because of his poverty pay or give security for the costs [inherent in

litigation] and still be able to provide himself and dependents with the necessities of life."   Adkins

v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons

have equal access to the judicial system.  Davis v. NYC Dept. of Educ., 10-CV-3812, 2010 WL

3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp.,

07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)).   The determination of whether

an applicant qualifies for IFP status is within the discretion of the district court.  DiGianni v.

Pearson Educ., 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v.

Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)).   The court may dismiss a case brought

by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue."   28 U.S.C.

§ 1915(e)(2)(A).

Plaintiff's application raises more questions than it answers.   Plaintiff reports that she or

anyone else living in her household has not received income of more than $200 from any source

in the past twelve months and that she does "not have any funds saved."   (IFP App., ECF No. 2,

¶¶ 3-4.)   However, Plaintiff reports regular monthly expenses for items including her mortgage,

utilities, credit card payments, and insurance that total $29,193.   (Id. ¶ 5.)   Further, Plaintiff

reports owning a car but does not include expenses associated therewith other than car insurance.

(Id. ¶¶ 5-6.)   In addition, Plaintiff reports having four children who are financial dependents; yet,

has not provided the amount she contributes towards their support as the question requires.[1]   (Id. ¶

7.)

Given that Plaintiff has provided incomplete information, the Court finds that Plaintiff can

best provide her current financial situation on the Long Form.   Accordingly, the application to

proceed IFP is denied without prejudice and with leave to renew on the Long Form.   See Fridman

v. City of N.Y., 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("If it appears that an applicant's access

to court has not been blocked by his financial condition; rather that he is merely in the position of

having to weigh the financial constraints posed if he pursues his position against the merits of his

case, then a court properly exercises its discretion to deny the application." (internal quotation

marks and alterations omitted)); Piniero v. Comm'r of Soc. Sec., No. 23-CV-8226, 2023 WL

---

[1]      Plaintiff has included the full names of her minor children in violation of the E-Government Act of 2002, Pub. L. No. 107-347 (as amended August 2, 2004).   Accordingly, the IFP application shall be restricted to court users and case participants.   Going forward, Plaintiff shall comply with the E-Government Act in her Court filings by identifying minor children with "only the initials of that child."

8461690, at *2 (E.D.N.Y. Nov. 27, 2023) (denying IFP motion with leave to renew on the Long Form). Plaintiff is directed to complete and return the Long Form[2] or to remit the $405.00 filing fee within fourteen (14) days of the date of this Order.[3] If Plaintiff does not timely comply with this Order, the Court may dismiss the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at her address of record and to note such mailing on the docket.

**SO ORDERED**.

Dated:       September 26, 2024
             Central Islip, New York

                                        /s/ JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE

---

[2]     If Plaintiff is financially supported by someone other than a spouse, she shall report the financial information for any such individual(s) on the Long Form in the spaces marked "Spouse."

[3]  Once paid, there are no refunds of the filing fee regardless of the outcome of the case. Accordingly, Plaintiff is encouraged to consult with the Hofstra Law *Pro Se* Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated *pro se* litigants. The Court notes that the *Pro Se* Clinic is not part of, nor affiliated with, the United States District Court. The Clinic offers services such as: providing brief legal counseling; explaining federal court rules and procedures; and reviewing and editing draft pleadings and correspondence with the Court. Consultations with the *Pro Se* Clinic can be conducted remotely via telephone. If you wish to contact the *Pro Se* Clinic to make an appointment, email them at PSLAP@Hofstra.edu or leave a message at (631) 297-2575.