UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARCIA MILIANO,

                            Plaintiff,

      -against-

BEST CARE INC.,

                            Defendant.
----------------------------------------------------------------X

FILED
CLERK
For Online Publication Only
4:09 pm, May 15, 2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
24-CV-6641 (JMA)(SIL)

**AZRACK, United States District Judge:**

On March 18, 2025, plaintiff Marcia Miliano ("Plaintiff"), acting pro se, filed a return of service reflecting that she served the defendant, Best Care, Inc. ("Defendant"), with a copy of the summons and complaint in this fee paid case by mailing it to Defendant at 97 W. Main Street, Bay Shore, NY 11706. (ECF No. 15.)  Upon review, by Order to Show Cause dated March 24, 2025 (the "Order"), the Court ordered Plaintiff "to show cause by April 25, 2025 why this service is sufficient under Federal Rule of Civil Procedure 4.  (See Elec. Order dated March 24, 2025.)  The Order "encourage[d] Plaintiff to consult with the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants" and warned that her "[f]ailure to comply with the Court's order may result in dismissal of the complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b)."  (Id.)  The Order was mailed to Plaintiff at her address of record and has not been returned to the Court as undeliverable.  To date, Plaintiff has not filed a response to the Order.

For the reasons that follow, the Complaint is dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

By Electronic Order dated October 10, 2024, the Court extended the deadline for Plaintiff

to serve the Defendant through January 1, 2025 and "warned that, unless the Court grants an extension of time for service, all Defendants unserved as of 1/07/2025 will be dismissed." (See Elec. Order, dated Oct. 10, 2024.)  On February 7, 2025, one month after the deadline, the Court dismissed the complaint without prejudice pursuant to Federal Rule of Civil Procedure 4(m) given Plaintiff's failure to file a return of service, seek an extension of time to serve, or otherwise communicate with the Court about this case.  (See Elec. Order, dated Feb. 7, 2025.)  Judgment was entered on February 10, 2025.  (ECF No. 12.)  On February 28, 2025, Plaintiff moved to reopen her case and, by Electronic Order dated March 5, 2025, the Court granted her motion, reopened the case, and "**order[ed] that Plaintiff: (1) serve the Defendant with the summons and complaint by March 21, 2025, and (2) file proof of service with the Court by March 28, 2025.**"  (See Elec. Order, dated March 5, 2025.)  The Court "encouraged [Plaintiff] to consult with the Hofstra Pro Se Clinic, located in the Central Islip courthouse, and it can provide free information, advice and limited scope legal assistance to non-incarcerated pro se litigants", provided the contact information for the Hofstra Pro Se Clinic, and "**warned that the complaint will be dismissed without prejudice if Plaintiff does not timely comply with this order absent a showing of good cause.**"  (Id.)  On March 18, 2025, Plaintiff filed a return of service reflecting that she (herself) mailed a copy of the summons and complaint to the Defendant on that date, March 18, 2025.  (ECF No. 15.)  The Order to Show Cause followed.

Federal Rule of Civil Procedure 4 governs service of process and provides that "any person who is at least 18 years old and ***not a party*** may serve the summons and complaint." (Fed. R. Civ. P. 4(c)(2) (emphasis added).  In addition, the original summons signed by the Clerk of the Court with the Court's seal must be served on the Defendant.  (Fed. R. Civ. P. 4(b).)  When

2

serving a corporation, like the Defendant, Federal Rule of Civil Procedure 4(h) makes clear that it "must be served" by either: (1) following Rule 4(e)(1) or (2) "delivering a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by law to receive service of process and - if the agent is one authorized by statute and the statute so requires- by also mailing a copy to each defendant."  (Fed. R. Civ. P. 4(h)(1)(A)-(B)).

Here, as is readily apparent, Plaintiff has not complied with any of these requirements. Having afforded Plaintiff notice of the consequence of a failure to serve the Defendant and an opportunity to demonstrate why her method of service is sufficient, the Court now "must dismiss the action without prejudice."  Fed. R. Civ. P. 4(m).  Further, Plaintiff has ignored the Court's Order to Show Cause.  Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  Because a dismissal under Rule 41(b) is a "harsh remedy", it should not be used lightly.  Romano v. Laskowski, No. 22-1896, 2024 WL 4635227, at *3 (2d Cir. Oct. 31, 2024).  The Second Circuit has outlined several factors a court must weigh when considering such a dismissal:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014).  Importantly, "[n]o one factor is dispositive," and a court must "review the dismissal in light of the record as a whole."  Romano, 2024 WL 4635227, at *3 (citing United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)).  And, as the Second Circuit has recently clarified, "[b]efore dismissing a

3

case, a district court must also make a finding of willfulness, bad faith, or reasonably serious fault by evaluating the factors" when the dismissal is either with prejudice or functionally equivalent as one. Romano, 2024 WL 4635227, at *3, 4-5. Here, the Court has carefully considered each factor and concludes that dismissal without prejudice is warranted. Plaintiff's failure to move this case forward since her filing of the complaint on August 26, 2024 together with the multiple warnings that dismissal without prejudice would result weigh in favor of that outcome. Similarly, Defendant is prejudiced by having a case proceeding against it without notice and an opportunity to respond. The Court's interest in managing its docket outweighs Plaintiff's interest in receiving further chances to be heard given her repeated failure to move this case forward. However, the Court has considered a lesser sanction than dismissal with prejudice and concludes that a without prejudice dismissal is appropriate. Accordingly, for these reasons, the complaint is dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b). The Clerk of the Court shall enter judgment accordingly and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at her address of record and to note such mailing on the docket.

**SO ORDERED**.

Dated:   May 15, 2025
        Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE